**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Nayyirah Ali,** | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-06573** |
| **v.** | ) | |
| **U. S. Bank,** | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |

---

## COMPLAINT

Plaintiff, Nayyirah Ali ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against U.S. Bank ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5. A charge of employment discrimination on basis of disability was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Nayyirah Ali, resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, U.S. Bank was a corporation doing business in and for Cook County, Illinois whose headquarters is in Hennepin County, Minnesota , 4000 West Broadway, Robbinsdale, Minnesota 55422.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant as a Call Center Personal Banker starting May 9, 2022 and is still presently employed by Defendant in that role.

12. At all times material, Plaintiff was hired by Defendant in Chicago, Illinois, and

Plaintiff performed work for Defendant in Chicago, Illinois.

13. Plaintiff's essential duties as a Call Center Personal Banker include but are not limited to:

- Telephonically coordinating with customers to manage their bank accounts and finances.
- Advising customers on financial issues.
- Assisting customers in resolving issues with their bank accounts and financial services.
- Coordinating with potential customers to sell Defendant's services

14. Plaintiff suffers from Type 2 Diabetes, which limits several of her major life activities, including the function of her endocrine system.

15. Because of her disability, Plaintiff urinates more frequently, thus, needs additional time to use the restroom because of her disability.

16. Plaintiff possesses the qualifications necessary to perform the essential functions of her job with or without reasonable accommodations.

17. Plaintiff is a "qualified individual" as defined under the ADA.

18. On or around March 2023, Plaintiff requested reasonable accommodations in the form of additional bathroom break time.

19. Specifically, Plaintiff's request for reasonable accommodation included fifteen extra minutes during her thirty minute lunch break to manage her type 2 diabetes.

20. Plaintiff promptly filled out Defendants forms requesting an accommodation, but over a month later, Defendant claimed it had not received the forms.

21. In the meantime, Plaintiff's accommodation request went unaddressed.

22. Eventually, Plaintiff's supervisor, Nycole Rice, refused to grant Plaintiff's request

for accommodation.

23. Defendant claims it provided Plaintiff with additional time to use the restroom, but, after Plaintiff requested accommodations, her supervisor retaliated against her and insisted that Plaintiff be constantly available for calls.

24. Thus, in effect, Plaintiff had no additional time to use the restroom.

25. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for additional restroom time.

26. Defendant has harassed Plaintiff on the basis of her disability and created a hostile work environment for Plaintiff and wherein she is expected to be available at all times without breaks or adequate restroom time and caused Plaintiff immense emotional distress.

27. After requesting accommodations, Plaintiff's supervisor repeatedly adjusted Plaintiff's time card resulting in Plaintiff not being paid for time between when her shift officially starts, and when her first call is made, i.e., Plaintiff was not being paid for all of her time spent working for Defendant.

28. Rather than grant Plaintiff's requested reasonable accommodation, Defendant transferred Plaintiff to a new department on the basis of Plaintiff's disability and for engaging in protected activity as described above.

29. Plaintiff has suffered adverse employment actions, including suffering a hostile work environment, and lost wages due to time manipulation.

30. Defendant had no legitimate business purpose for its conduct.

## COUNT I

**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

31. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

32. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

33. Plaintiff met or exceeded performance expectations.

34. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

35. Defendant subjected Plaintiff to a hostile work environment because of Plaintiff's disability.

36. Defendant manipulated Plaintiff's time records and paid Plaintiff less than what Plaintiff was owed.

37. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

38. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

39. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

40. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

42. Plaintiff is a qualified individual with a disability.

43. Defendant was aware of the disability and the need for accommodations.

44. Defendant failed to properly engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

45. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

46. Defendant did not accommodate Plaintiff's disability.

47. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

48. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Harassment)**

50. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

52. Defendant knew or should have known of the harassment.

53. The disability-based harassment was severe or pervasive.

54. The disability-based harassment was offensive subjectively and objectively.

55. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

56. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

58. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

59. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

60. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations for her disability.

61. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

62. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations for her disability, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

63. Plaintiff suffered an adverse employment action in retaliation for engaging in

protected activity.

64. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of August, 2023.

**/s/ *Travis P. Lampert***
**TRAVIS P. LAMPERT, ESQ.**
IL Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200

Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*